UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRITTANY COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.  1:19-V-829 |
| | ) |
| HEART OF CARDON LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Brittany Coleman ("Coleman"), by counsel, brings this action against Defendant, Heart of Cardon LLC ("Defendant"), and shows as follows:

**OVERVIEW**

1. This is an employment discrimination action (disability) brought by Coleman against Defendant alleging that she was discriminated against her in violation of the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq.  Moreover, Coleman contends that Defendant failed to provide her a reasonable accommodation as required by the ADA, retaliated against her for using leave available to her pursuant to the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601 et. seq., and treated her differently because of her race, African American, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the Civil Rights Act of 1866 ("Section 1981").

**PARTIES**

2. At all relevant times Coleman lived in the Southern District of Indiana.

3. Defendant is a corporation that conducts business and maintains offices in Southern District of Indiana.

4. Coleman, at all times relevant, was an 'employee' as defined by 42 U.S.C.§12111(4). Moreover, Coleman is disabled as that term is defined by the ADA. Coleman was also an employee as defined by 42 U.S.C. §2000e(f). Coleman was an 'eligible employee' as that term is defined by 29 U.S.C. §2611(2).

5. Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A), 42 U.S.C. §2000e(b), and 29 U.S.C. §2611(4).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331, 42 U.S.C. §12117(a), 42 U.S.C. §2000e-5(f)(3), and 29 U.S.C. §2617(a)(2).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located herein.

8. Coleman properly exhausted her administrative remedies when she timely filed a charge of discrimination (and later amended it) with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discriminated based on disability. A notice of suit rights was issued on November 27, 2018, and Coleman now brings this Complaint within ninety (90) days of receipt thereof.

## FACTUAL ALLEGATIONS

8. Coleman began her employment with Defendant on or about June 8, 2016. She was employed as a Unit Manager. Coleman was a licensed nurse.

9. At all times Coleman met or exceeded the legitimate expectations of performance of her position.

10. Coleman applied for both extended-leave and intermittent FMLA leave beginning in May 2018. At various times, Coleman took leave related to her disability.

11. Coleman has a permanent disability that substantially limits one or more major life activities. Notwithstanding, her disability Coleman could perform the essential functions of her job with or without a reasonable accommodation.

12. Coleman underwent medical testing in August 2018. Defendant required her to re-certify her FMLA leave. Thereafter, Defendant placed Coleman on unpaid administrative leave and, upon information and belief, posted Coleman's position on or about October 4, 2017.

13. Coleman provided updated restrictions at Defendant's request, and Coleman's physician(s) provided clarification as to what Coleman could and could not do medically. Nevertheless, Defendant did not return Coleman to work.

14. Coleman attempted to engage Defendant in the interactive process to explore potential reasonable accommodations including, but not necessarily limited to, assigning her to a light-duty position. In the alternative, Coleman contends that her work restrictions did not impede her from performing the essential functions of her job. Moreover, Defendant disclosed Coleman's medical records beyond the scope of what the ADA permits.

15. As Defendant would not retract its decision to place Coleman on unpaid leave and indicated that it might characterize Coleman as a 'safety threat', Coleman was constructively discharged on or about October 13, 2017.

16. Coleman has been harmed by Defendant's conduct.

## LEGAL ALLEGATIONS

### VIOLATIONS OF THE ADA

17. Coleman incorporates by reference paragraphs one (1) through sixteen (16).

18. Coleman was denied a reasonable accommodation.

19. Moreover, Coleman contends Defendant failed to engage in the interactive process and discriminated against Coleman by removing her from her position and constructively discharging her.

20. Coleman has been harmed by Defendant's conduct.

### VIOLATIONS OF THE FMLA

21. Coleman incorporates by reference paragraphs one (1) through twenty (20).

22. Coleman was eligible for and exercised her rights under the FMLA.

23. Defendant interfered with and/or retaliated against Coleman by forcing her to take FMLA leave that she did choose to voluntarily exercise.

24. Coleman has been harmed by Defendant's conduct.

### VIOLATIONS OF TITLE / SECTION 1981

25. Coleman incorporates by reference paragraphs one (1) through twenty-four (24).

26. Coleman, an African-American, was treated less favorably in the terms, conditions and privileges of her employment than non-African-American employees

27. Defendant discriminated against Coleman because of her race.

28. Coleman has been harmed by Defendant's conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Brittany Coleman, respectfully demands judgment against Defendant in her favor and requests that the Court grant the following relief:

a) An Order awarding Coleman the wages she lost and the value of the benefits she lost as a result of her unlawful termination;

b) An Order awarding Coleman compensatory and punitive damages for an intentional violation of her rights as provided for by the ADA, Title VII, and Section 1981;

c) An Order awarding Coleman liquidated damages under the FMLA;

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street Suite 500
Indianapolis, IN  46240
Telephone  (317) 500-0700
Facsimile   (317) 732-1196
Email  indy2buck@hotmail.com

Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

s/ Christopher S. Wolcott

5

Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street Suite 500
Indianapolis, IN  46240
Telephone  (317) 500-0700
Facsimile   (317) 732-1196
Email   indy2buck@hotmail.com

Attorney for Plaintiff